```
                                                        FILED
                                                  U.S. DISTRICT COURT
                                                   BRUNSWICK DIV.
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
                                         CLERK
                                         SO. DIST. OF GA.
```

| | |
|---|---|
| JOHN CLIFFORD STEWART, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.: CV613-027 |
| BRUCE CHAPMAN; JOHN PAUL; and LARRY BREWTON, | : |
| Defendants. | : |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary damages from a defendant who is immune to such relief. 28 U.S.C. § 1915A (b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that "officers" in his dormitory have not "adhered to the delivery of prescribed dietary menu[s.]" (Doc. No. 1, p. 5). Plaintiff states that he verbally notified Defendant Larry Brewton, the unit manager; Defendant John Paul, the deputy warden; and Defendant Bruce Chapman, the warden, that he was not receiving his dietary menu. Plaintiff presumably asserts that Defendants did nothing to correct the perceived problem after he notified them.

A plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." <u>Hale v. Tallapoosa Cnty.</u>, 50 F.3d 1579, 1582 (11th Cir. 1995). A plaintiff must also allege that the act or omission was committed by "a person acting under color of state law." <u>Id.</u> In section 1983 actions, liability must be based on something more than a theory of respondeat superior. <u>Bryant v. Jones</u>, 575 F.3d 1281, 1299 (11th Cir. 2009); <u>Braddy v.</u>

2

Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Plaintiff fails to set forth facts which indicate that he suffered a violation of a constitutional right or that the named Defendants are responsible for any alleged violation of a constitutional right. Plaintiff wishes to hold the named Defendants liable based on their supervisory positions, and he cannot sustain a § 1983 cause of action against the named Defendants on that basis. The declarations Plaintiff makes in his "Sworn Affidavit" reveal that Plaintiff's factual allegations are against "officers" in his housing unit, not the named Defendants. (Doc. No. 1, pp. 8-9).

Plaintiff's Motion to Obtain Tangible Evidence (Doc. No. 5) is **DENIED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO ORDERED and REPORTED** and **RECOMMENDED**, this 20th day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE